**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>**LEGACY DEVELOPMENT SC GROUP, LLC,**<br><br>**Debtor.** | Case # 12-06435-DD<br><br>Chapter 7 |

## TRUSTEE'S OBJECTION TO MOTION TO WITHDRAW AS COUNSEL

Michelle L. Vieira, as Chapter 7 Trustee for the above-captioned Debtor (the "Trustee"), hereby objects to the Motion to Withdraw as Counsel ("Motion") filed by Gleissner Law Firm, LLC ("GLF") on May 21, 2013, at Docket 48.

The Trustee submits that it would be highly prejudicial to the administration of this bankruptcy estate for GLF to withdraw as counsel for the Debtor. The Trustee disputes many of the representations made by GLF in the Motion. While GLF did facilitate the Debtor's production of some documents immediately following the 341 Hearing, notably missing from the requested documents was any information relating to financial records and bank account information from the Debtor. Despite a subpoena commanding the production of the financial records and other relevant corporate documents, contracts, valuations, and evidence of debt, none of these documents have been forthcoming. Due to the complete failure of the Debtor to respond to the subpoena, the Trustee had to file a Motion to Compel. Pursuant to the Order on the Motion to Compel, the Debtor must produce the requested documents no later than May 27, 2013. [See Docket 44.]

The subpoena also requests documents related to transactions between the Debtor and numerous other entities, some of which are insiders. Contrary to the representations of GLF in its Motion, this is not a "fishing expedition that does not

involve the debtor." Rather, the Trustee is investigating claims that the Debtor may have against these other entities, and the requested documents are those that have been maintained by the Debtor in its ordinary course of business. In fact, Ronald LeGrand's assistant, Tish Hill, has indicated that the Debtor is in possession of these documents and previously indicated on multiple occasions that the delivery of these documents was forthcoming.

It is unclear how GLF can assert that "all of the assets and documents relating to the debtor have been turned over to the Trustee" when the Debtor has failed to even identify any bank account now or previously owned by the Debtor. The Debtor has not provided even the most basic of financial documents, and has failed to provide many other documents requested that relate to transactions and dealings between the Debtor and third parties. In addition to the pending subpoena, there is a pending 2004 examination of the Debtor, for which the Debtor will require legal representation.

Pursuant to LBR 2019-1, Debtor's counsel is required to show cause for the withdrawal. There has been no compelling reason given for GLF's withdrawal in this matter, except a conclusory statement that further representation is not needed, based on the incorrect assumption that all assets and documents have already been turned over to the Trustee.

> An attorney seeking to withdraw from representation of a debtor must show that the debtor consents or that valid and compelling reasons exist for the court to grant the motion over the debtor's objection. *Stafford v. Mesnik,* 63 F.3d 1445 (7th Cir.1995). In evaluating motions to withdraw as counsel, a court should consider such factors as: 1) the reason withdrawal is sought; 2) the prejudice the withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay resolution of the case. *United States ex. rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F.Supp. 244, 252 (D.N.J.1997).

*In re Blackwell*, 2009 WL 5064809 (Bankr. M.D.N.C., Dec. 23, 2009).  GLF admits that the Debtor has not consented to the withdrawal.  Even in the event the Debtor does consent, the Trustee will be prejudiced by the withdrawal of Debtor's counsel because the assets and documents have not been turned over, the Debtor has shown a failure to cooperate with the Trustee, and there is a pending subpoena to the Debtor for documents maintained in the Debtor's ordinary course of business and a pending 2004 examination.   The estate will be harmed by the absence of counsel for the Debtor due to the pending matters in which counsel will be required.  The Debtor is a limited liability company, which cannot appear *pro se* before the court.  Delays are inevitable if the Debtor does not have legal counsel.

WHEREFORE, the Trustee respectfully requests that the Motion of GLF to be relieve as counsel for the Debtor be denied, and for such other and further relief as the Court deems appropriate.

Respectfully submitted, this 23rd day of May, 2013.

                BARTON LAW FIRM, LLC

By:   /s/Christine E. Brimm
       Barbara George Barton, I.D. # 1221
       Christine E. Brimm, I.D. # 6313
       Barton Law Firm, P.A.
       Attorneys for the Trustee
       1715 Pickens Street
       P.O. Box 12046 (29201)
       Columbia, SC 29211
       TEL:  (803) 256-6582
       FAX:  (803) 779-0267
       bbarton@bartonlawsc.com
       ATTORNEYS FOR THE TRUSTEE

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LEGACY DEVELOPMENT SC GROUP, LLC | ) | Case No. 12-06435-DD |
| | ) | |
| Debtors. | ) | |

**CERTIFICATE OF SERVICE**

     I, Kathy Handrock, hereby certify that on behalf of Barbara George Barton, District Court I.D. #1221, Attorney for Michelle L. Vieira, Chapter 7 Trustee, I served a copy of the **TRUSTEE'S OBJECTION TO MOTION TO WITHDRAW AS COUNSEL,** filed **May 23, 2013**, to the parties in interest via electronic filing and electronic transmission through CM/ECF pursuant to Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.05, as incorporated by Rule 7005 of the Federal Rules of Bankruptcy Procedure, and as further authorized by *Guidelines for the Filing of Documents*, Operating Order 08-07 (Bankr. D.S.C. 2008).

                                        BARTON LAW FIRM, P.A.

                             BY:  /s/Kathy Handrock
                                      PO Box 12046
                                      Columbia, SC  29211-2046
                                      (803) 256-6582

May 23, 2013